# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KATHRYN MARIE PETTY,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 12-4080-RDR<br>) |
| **CITY OF TOPEKA**, | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an employment discrimination action which is before the court upon defendant City of Topeka's motion for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c) as to one of plaintiff's claims and plaintiff's motion for leave to file a third amended complaint. Defendant seeks the dismissal of plaintiff's disparate impact claim on the grounds that plaintiff has failed to timely exhaust administrative procedures and on the grounds that as pleaded the claim fails on the merits. Plaintiff asks for leave to file a third amended complaint in order to add allegations regarding administrative exhaustion of the disparate impact claim. Defendant opposes the motion for leave to file the third amended complaint on the grounds that the amendment would be futile for the reasons asserted in defendant's motion for judgment upon the pleadings.

The disparate impact claim asserts that plaintiff, after being laid-off or terminated from a position as Deputy Chief in

defendant's fire department, was not rehired to a position or positions with the department because of a policy of promoting from within the department which had a discriminatory impact against women in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Kansas Act Against Discrimination ("KAAD"), K.S.A. 44-1009. In this case, plaintiff also makes claims of disparate treatment, retaliation and violation of constitutional rights. For the purposes of this order, however, the court is only concerned with plaintiff's disparate impact claim.

I. Standards for the evaluating a motion for judgment on the pleadings

A motion for judgment on the pleadings under FED.R.CIV.P. 12(c) is governed by the same standards as a motion to dismiss under FED.R.CIV.P. 12(b)(6). Ward v. Utah, 321 F.3d 1263, 1266 (10th Cir. 2003). "A motion for judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Colony Ins. Co. v. Burke, 698 F.3d 1222, 1228 (10th Cir. 2012)(interior quotation omitted). The court not only accepts all facts pleaded by the non-moving party (in this case, plaintiff) as true, but also grants all reasonable inferences in favor of the non-moving party. Id.

II. *Plaintiff has exhausted her administrative remedies for a disparate impact claim regarding actions announced in defendant's January 6, 2012 letter to plaintiff.*

Defendant's first argument for judgment on the pleadings is that the court lacks subject matter jurisdiction over plaintiff's disparate impact claim because plaintiff failed to timely exhaust her administrative remedies under Title VII and the KAAD.

A. *Filing an administrative complaint within 300 days or 180 days of an alleged violation is a jurisdictional requirement*.

Defendant asserts without dispute that before plaintiff may bring a claim under Title VII or the KAAD, she must first raise the claim in a timely administrative charge before the appropriate government agency. As the Tenth Circuit has stated: "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." Simms v. Oklahoma ex rel. Dept. of Mental Health & Substance Abuse Services, 165 F.3d 1321, 1326 (10th Cir.) cert. denied, 528 U.S. 815 (1999). The court lacks subject matter jurisdiction over Title VII claims that have not been administratively exhausted. Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1307 (10th Cir. 2005). The Tenth Circuit most recently described exhaustion of administrative remedies as a "jurisdictional

3

prerequisite to suit under Title VII" in Manning v. Blue Cross and Blue Shield, 2013 WL 1490803 *2 (10ᵗʰ Cir. 4/12/2013).[1]

On the other hand, the timeliness of administrative exhaustion is considered an affirmative defense, not a jurisdictional question. Jones v. Runyon, 91 F.3d 1398, 1399 n.1 (10ᵗʰ Cir. 1996); Haney v. Donovan, 2010 WL 1284468 *2 (D.Kan. 3/30/2010). The latest possible filing date for an administrative charge with the EEOC is 300 days after the last allegedly unlawful act. Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1163 (10ᵗʰ Cir. 2007).

The same general rules apply to claims brought under the KAAD. Sandlin v. Roche Labs., Inc., 991 P.2d 883, 887-89 (Kan. 1999); Best v. State Farm Mut. Auto. Ins. Co., 953 F.2d 1477, 1479 (10ᵗʰ Cir. 1991). But, the time limit for filing an administrative complaint under the KAAD is six months. K.S.A. 44-1005(i).

B. Plaintiff did not allege a disparate impact claim in an administrative charge until October 5, 2012.

Plaintiff in this case has filed two administrative complaints. The first administrative complaint was amended several times. The second administrative complaint was filed on October 5, 2012 (a few months after plaintiff filed this

---

[1] We cite this recent unpublished decision only because the Tenth Circuit has "wondered aloud" in other decisions whether it should revisit the rule that exhaustion is a jurisdictional prerequisite in employment cases. Pretlow v. Garrison, 420 Fed.Apx. 798, 803 n.4 (10ᵗʰ Cir. 3/22/2011).

4

lawsuit). Only in the second administrative complaint filed on October 5, 2012, did plaintiff <u>explicitly</u> allege a disparate impact claim. Defendant argues that the court must count back 300 days from October 5, 2012 (to December 10, 2011) to determine whether plaintiff timely filed an administrative complaint regarding her disparate impact claim.

      1.   <u>The court has not previously ruled upon defendant's administrative exhaustion argument</u>.

Plaintiff has made three responses to defendant's administrative exhaustion argument. First, plaintiff contends that when the court granted plaintiff leave to file a second amended complaint, plaintiff was also given permission in advance to file another amendment when she received right-to-sue letters upon the administrative charge plaintiff filed on October 5, 2012.[2] This order, however, was merely a docket management device. It did not purport to address any legal challenge to the court's subject matter jurisdiction over plaintiff's claims or to the timeliness of plaintiff's administrative complaints. The order states that "defendants may move to dismiss the Second Amended Complaint for failure to state a claim or for lack of subject matter jurisdiction." Doc. No. 39, pp. 1-2. So, the order does not foreclose the arguments defendant makes in the motion for judgment upon the pleadings.

---

[2] This order was issued by Judge Murguia of this district when this case was assigned to his court.

2. <u>Plaintiff's October 5, 2012 administrative charge timely raises a disparate impact claim as to employment actions taken on January 6, 2012</u>.

Plaintiff's second response to defendant's timeliness argument is that plaintiff's October 5, 2012 administrative charge is within 300 days (272 days to be exact) of defendant's January 6, 2012 letter to plaintiff which rejected plaintiff's application for the position of Fire Chief and which also referenced a general policy of internal hiring for management positions in the Fire Department. The letter stated:

> Thank you for your December 1, 2011 letter of application for the Fire Chief position. While this position is the only Fire management position that can be filled by outside applicants, [the] Interim City Manager . . . made the decision to limit the hiring process to inside applicants.

Doc. No. 92, Ex. P.

For the purposes of deciding the administrative exhaustion question, the issue before the court is what falls within the scope of the October 5, 2012 administrative charge. To exhaust administrative remedies, "the [administrative] charge must contain facts concerning the discriminatory . . . actions underlying each claim[, because] each discrete incident of alleged discrimination . . . constitutes its own unlawful employment practice for which administrative remedies must be exhausted." <u>Jones v. U.P.S., Inc.</u>, 502 F.3d 1176, 1186 (10th Cir. 2007)(interior quotations omitted).

6

> A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC. . . . We liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim.
>
> We emphasize, however, that our inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge.

Id. (interior quotation and citations omitted).

The October 5, 2012 administrative charge reads substantially as follows:

> Following my dismissal from the Topeka Fire Department, I have applied for open positions as the Deputy Chief of the Fire Department, and as a Training Officer, and I have expressed my interest in open positions. I previously held the positions of Training Officer and Deputy Chief, and I am qualified for those positions. I was not interviewed for the positions despite my qualifications. To the best of my knowledge a male was hired for the Training Officer position, and the Deputy Chief position remains open. The City informed me in a letter dated January 6, 2012 that it would only consider internal candidates for the <u>Deputy Chief</u> position. Topeka Charter Ordinance 10, as applied by the City, excludes external candidates for all positions except Fire Chief and Third Class Fireman, and violates 29 C.F.R. § 1607.3.A.
>
> The pool of current employees in the Topeka Fire Department is overwhelmingly comprised of males. By limiting applicants to current Fire Department employees, the City's hiring has a disparate impact on qualified females, and automatically excludes persons who were dismissed based on their sex.

Doc. No. 92, Ex. AA. (emphasis added).

7

This administrative charge obviously raises a disparate impact claim. The question is whether it raises a disparate impact claim as to the Fire Chief position, since the charge does not expressly mention that position. We hold that a reasonable investigation into the January 6, 2012 letter described in the charge would include an inquiry as to whether plaintiff was denied the position of Fire Chief because of a policy which had a disparate impact against women. Therefore, we find that there has been administrative exhaustion as to a disparate impact claim regarding the Fire Chief position.

Without going into unnecessary and confusing detail, the court observes that plaintiff has not been completely clear regarding what jobs she claims she was denied in accordance with the January 6, 2012 letter. See, e.g., Second Amended Complaint, Doc. No. 40, ¶ 117 and Proposed Third Amended Complaint, Doc. No. 122-1, ¶ 107 (alleging that applications for "two positions" were denied with the January 6, 2012 letter). Still, it is sufficiently plain from the October 5, 2012 administrative charge that plaintiff is alleging that she was denied jobs as Deputy Chief and Training Officer because of the disparate impact of a discriminatory policy. This is sufficient to establish administrative exhaustion, although it does not establish that administrative exhaustion was <u>timely</u> achieved.

We recognize that the October 5, 2012 administrative charge may not be <u>timely</u> as to any action by defendant to fill a Deputy Fire Chief position or Training Officer position for which plaintiff applied. Defendant strongly asserts that there was no Deputy Fire Chief position which was open or filled any time after February 2011. Doc. 107, p. 5. And neither party appears to contend that there was a Training Officer position open within 300 days of the October 5, 2012 administrative charge. But, the timeliness issue as to these positions is not capable of being decided upon the pleadings as they are currently presented. Therefore, the court shall not decide as a factual matter at this stage whether the October 5, 2012 administrative charge was timely filed to exhaust plaintiff's administrative remedies as to a disparate impact claim which covers plaintiff's applications for the positions of Deputy Fire Chief and Training Officer. As explained in the next section of this opinion, the court does not believe that plaintiff has exhausted a disparate impact claim which extends to any employment action taken more than 300 days before October 5, 2012.

     3. <u>Plaintiff's first administrative complaint and its amended versions did not administratively exhaust plaintiff's disparate impact claim</u>.

Plaintiff's final response to defendant's argument for dismissal of the disparate impact claim is that plaintiff's disparate impact claim is within the scope of the charge made in

9

plaintiff's first administrative complaint or its amended versions. It is important for the court to resolve this argument because it controls whether plaintiff can extend her disparate impact claim to events before December 10, 2011.

In support of this contention, plaintiff notes that plaintiff's first administrative charge states that plaintiff applied for open positions as the Deputy Chief and as a Training Officer, but the City did not respond to her applications and hired less-qualified males. The court has considered these words and the rest of plaintiff's first administrative charge as amended. We hold that plaintiff has not alleged a disparate impact claim in an administrative charge until the October 5, 2012 charge. The term "disparate impact" is not used in the first administrative charge or its amended versions. These charges do not allege disparate impact as described by Title VII, i.e., "a particular employment practice that causes a disparate impact." 42 U.S.C. 2000e-2(k)(1)(A). Nor do these charges assert that defendant employed a facially neutral employment practice which had a significantly discriminatory impact upon women. Such words would also describe a disparate impact claim. See Tabor v. Hilti, Inc., 703 F.3d 1206, 1220 (10th Cir. 2013).

Plaintiff also asserts that the court should define the scope of the administrative charges by considering defendant's

<u>defense</u> to the charges which, according to plaintiff, was that defendant was following a neutral policy. We reject this argument for the following reasons. First, there is a failure of proof.[3] Plaintiff has the burden of establishing her arguments for exhaustion. See <u>McBride v. CITGO Petroleum Corp.</u>, 281 F.3d 1099, 1106 (10th Cir. 2002)(plaintiff has the burden of showing exhaustion of remedies); <u>Perkins v. Federal Fruit & Produce Co., Inc.</u>, 861 F.Supp.2d 1285, 1288-89 (D.Colo. 2012)(same). Plaintiff, however, only refers to an answer defendant filed in this case, not to any document defendant filed in the administrative proceedings. Doc. No. 92, p. 9 (citing defendant's answer at Doc. No. 56, ¶ 112). Second, if a respondent's allegation of a neutral employment policy in administrative proceedings was sufficient to instigate an administrative investigation of a disparate impact claim, it would seem unnecessary most of the time for a plaintiff to expressly allege disparate impact since most defendants (in various ways) claim to follow neutral or nondiscriminatory policies. This would not be a practical approach to giving notice of a claim of discrimination. See <u>McKinney v. Eastman</u>

---

[3] This is a question of exhaustion, not timeliness of exhaustion. In other words, the question is whether the first administrative charge and its amendments served to raise a disparate impact claim before the investigative agencies, not whether the issue was untimely raised. Because it is an issue of exhaustion, it is jurisdictional. Because it is jurisdictional, the court may consider factual matters outside of the pleadings without converting the motion into a summary judgment motion. See <u>Holt v. U.S.</u>, 46 F.3d 1000, 1003 (10th coir. 1995)(discussing a Rule 12(b)(1) motion); <u>Wilson v. Security Transport Services, Inc.</u>, 2011 WL 1430809 *1 (D.Kan. 4/14/2011)(same).

Kodak Co., 975 F.Supp. 462, 467 (W.D.N.Y. 1997)(cautioning against a position which would allow virtually every disparate treatment claim to encompass a disparate impact claim); see also, Green v. Donahoe, 2011 WL 5119001 (D.Colo. 10/28/2011)(refusing to expand a retaliation claim in an EEOC charge to cover other retaliation claims which might provide context or support). Third, courts generally assess what the reasonable scope of the administrative investigation would be from "the discriminatory acts alleged in the administrative charge," not from the defense to the discrimination alleged in the charge. Jones, 502 F.3d at 1186; see also, Pacheco v. Mineta, 448 F.3d 783, 789 n.9 (5th Cir.) cert. denied, 549 U.S. 888 (2006). Finally, other courts have held that a charge of discriminatory treatment did not encompass a claim of disparate impact. See McClain v. Lufkin Industries, Inc., 519 F.3d 264, 274-75 (5th Cir. 2008); Pacheco, 448 F.3d at 788-90; Noreuil v. Peabody Coal Co., 96 F.3d 254, 258-59 (7th Cir. 1996); Padron v. Wal-Mart Stores, Inc., 783 F.Supp.2d 1042, 1049-50 (N.D.Ill. 2011); Greater Indianapolis Chapter of NAACP v. Ballard, 741 F.Supp.2d 925, 939-40 (S.D.Ind. 2010); Boldridge v. Tyson Foods, Inc., 2007 WL 846517 *7 (D.Kan. 3/20/2007); Gordon v. Peters, 489 F.Supp.2d 729, 735-36 (S.D.Tx. 2007); Donaldson v. Microsoft Corp., 205 F.R.D. 558, 571 (W.D.Wash. 2001); McKinney, supra; Leisen v. City of Shelbyville, 968 F.Supp. 409, 421-22 (S.D.Ind.

1997); Beth v. Espy, 854 F.Supp. 735, 737-38 (D.Kan. 1994). Cases which have held otherwise involved administrative claims which could be liberally construed as alleging an official policy which could be the basis for a disparate impact claim. Gomes v. Avco, 964 F.2d 1330, 1334-35 (2d Cir. 1992)(alleging an 8-years experience rule); Brown v. Coach Stores, Inc., 163 F.3d 706, 712 (2d Cir. 1998)(alleging general practice of promoting scarcely any minorities in favor of non-minorities); Calibuso v. Bank of America Corp., 893 F.Supp.2d 374, 384-85 (E.D.N.Y. 2012)(alleging general practice of distributing accounts in a manner favoring men over women).

For the above-stated reasons the court shall find that plaintiff did not attempt to exhaust her administrative remedies as to the disparate impact claim until plaintiff filed the administrative complaint on October 5, 2012.

III. Plaintiff's proposed third amended complaint adequately alleges a disparate impact claim.

Finally, defendant argues that any disparate impact claim made by plaintiff fails on its merits. Defendant admits that plaintiff has identified a facially neutral employment practice, which is the practice or policy of promoting or considering only current Topeka Fire Department employees for Fire Chief or Fire Department management positions. Defendant argues though that the policy affects external candidates equally, as males and females are rejected if they aren't currently Topeka Fire

13

Department employees. This assertion is just another way of stating that the policy is facially neutral – a requirement to bring a disparate impact claim and, therefore, it does not demonstrate that the claim fails on the pleadings.

Defendant further asserts that plaintiff fails to identify a disparate impact between qualified external male and qualified external female candidates. But, that is not necessary to state a disparate impact claim. Plaintiff asserts that:

> The eligible pool of employees for the openings in the TFD [Topeka Fire Department] is disproportionately male, and does not include persons who have been dismissed based on their sex, and the consideration of only current TFD employees has a disparate impact on qualified females and discriminates against qualified females.

Second Amended Complaint ¶ 118, Proposed Third Amended Complaint ¶ 108. This is an adequate allegation that the facially neutral policy has the impact of discriminating against qualified female candidates for positions inside the Topeka Fire Department. It is no defense to say that the policy affects male and female external candidates equally if the impact of the policy is to maintain a disproportionately large male workforce inside the Topeka Fire Department. See Paige v. California, 291 F.3d 1141, 1146-47 (9th Cir. 2002) cert. denied, 537 U.S. 1189 (2003)(an external pool of job applicants may be a proper comparative group "in a case in which the plaintiffs . . . challenge the validity of a closed promotional process and seek relief in the

14

form of an order requiring that candidates from both within and without an employer's ranks be allowed to compete for supervisory vacancies").

The cases cited by defendant in support of its argument, O-Regan v. Arbitration Forums, Inc., 246 F.3d 975 (7th Cir. 2001) and Carpenter v. Boeing Co., 456 F.3d 1183 (10th Cir. 2006), both involve summary judgment motions where the courts concluded that the evidence did not adequately support a claim of disparate impact. This case is proceeding upon a motion for judgment upon the pleadings where the court accepts the allegations in the operative complaint to be true. The court is not at the point in the case where evidence as to the substance of the claims must be evaluated.

The court takes no position at this stage as to whether plaintiff can prove her disparate impact claim. The court is simply holding that the claim is adequately pleaded. In addition, the court would comment that plaintiff's claim that defendant only considered current Fire Department employees for positions so that plaintiff would not be hired (Second Amended Complaint – Doc. 40 – at ¶ 120; Proposed Third Amended Complaint – Doc. 122-1 – at ¶ 110) may be considered a discriminatory <u>treatment</u> claim because it alleges an intentional act of discrimination.

IV. Plaintiff's motion to amend shall be granted.

Defendant argues against plaintiff's motion to amend (Doc. No. 122) upon the grounds advanced in support of the motion for judgment on the pleadings. Consistent with the court's commentary thus far, the court shall reject defendant's opposition and grant plaintiff's motion to amend.[4]

Again, this court is not taking a position upon the substance of plaintiff's disparate impact claim. Nor is the court holding that a timely disparate impact claim may be made as to any position other than Fire Chief. The court is holding that plaintiff administratively exhausted a disparate impact claim with plaintiff's October 5, 2012 administrative charge, not with any prior charge, and that disparate impact claims regarding the positions of Fire Chief, Deputy Fire Chief, and Training Officer were made within the October 5, 2012

---

[4] Defendant has not directly raised the question of whether plaintiff can cure the premature filing of a disparate impact claim. But, now that plaintiff has obtained right-to-sue letters relating to her October 5, 2012 administrative charge (see Doc. No. 122, Ex. Q and Ex. R), the court believes that any jurisdictional issue as to a disparate impact claim properly raised in that charge can be cured with the filing of the proposed third amended complaint. The Tenth Circuit has recognized that while "the existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed . . . [an] exception arises when a district court allows an amendment by the parties to cure an exhaustion problem." Mires v. United States, 466 F.3d 1208, 1212 (10th Cir. 2006); see also, Martin v. Cent. States Emblems, Inc., 150 Fed.Appx. 852, 855 n. 3 (10th Cir. 10/11/2005) cert. denied, 546 U.S. 1197 (2006)(failure to obtain right-to-sue letter prior to the commencement of a suit is a curable defect); Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1228 n.3 (10th Cir. 1997)("jurisdictional" prerequisites in an ADA action may be satisfied after commencement of the action where defendant raises no issue); EEOC v. JBS USA, LLC, 794 F.Supp.2d 1188, 1204-05 (D.Colo. 2011)(accepting jurisdiction despite premature filing); Campos v. Las Cruces Nursing Center, 828 F.Supp.2d 1256, 1269-70 (D.N.M. 2011)(same); Griffin v. Lowe's Home Centers, Inc., 2009 WL 975159 *3 (D.Kan. 4/9/2009)(same).

administrative charge.  The court makes no holding as to whether plaintiff timely exhausted her administrative remedies as to a disparate impact claim regarding the Deputy Fire Chief or Training Officer positions.  The court also makes no holding regarding any disparate treatment claims plaintiff makes.

V. Conclusion

Defendant's motion for judgment upon the pleadings (Doc. No. 85) is denied consistent with this order.  Plaintiff's motion to amend (Doc. No. 122) is granted consistent with this order.  The court notes that a final pretrial order is in the stages of preparation.  The court would encourage the parties to focus and clarify their factual and legal claims as much as possible in that document.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2013, at Topeka, Kansas.

s/Julie A. Robinson
United States District Judge